RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 7/1/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EDWARD G. MORRIS<br>LA. DOC. #517510 | DOCKET NO. 08-CV-1488; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WINN CORRECTIONAL CENTER | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Edward G. Morris filed the instant complaint pursuant to 42 U.S.C. §1983 on October 3, 2008. His motion for leave to proceed in forma pauperis was granted on November 14, 2008. Plaintiff was ordered to amend his complaint on April 6, 2009, and the Amended Complaint was filed on May 20, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at the Winn Correctional Center (WCC) in Winnfield, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

Plaintiff alleges that on February 27, 2008, he was placed on a "call out" to see a nurse at 1:00 p.m. The nurse "place [sic] [Plaintiff] in cell two of the infirmary lockdown." [Doc. #7, p.1] Plaintiff started "flipping out," "seeing things," and "hearing voices." [Doc. #1, p.4] He states that he then pulled a light

fixture out of the ceiling because he "flipped out." [Doc. #7, p.1] At 6:00 that evening, Dr. Wheat examined Plaintiff in the Cypress Unit. Dr. Wheat said that Plaintiff was not in his "right state of mind" and placed him on "strong mental health medicine." Plaintiff's clothes were taken away and he was placed in a cell in the Cypress Unit for five days. Plaintiff was brought before the disciplinary board on February 29, 2008 and was ordered to pay restitution in the amount of three hundred eighty-six dollars for the broken light fixture.

Plaintiff states that he has been confined in the Cypress Unit several times during the past seventeen months because of his mental illness. He complains that Warden Wilkinson refuses to transfer him to the mental health unit at Hunt Correctional Center in St. Gabriel, Louisiana.

Because Plaintiff named WCC - a non-juridical person - as the sole defendant, he was ordered to amend the complaint to name as defendants each person who allegedly violated his constitutional rights, a description of what each defendant did to violate his rights, the place and date that each violation occurred, and a description of the alleged injury Plaintiff sustained as a result of each violation. In the amended complaint, Plaintiff alleged that Nurse Coleman was the nurse who wrongfully placed him in the "infirmary lockdown," that Lt. Jordan placed him in the Cypress Unit, that Captain Coleman presided over the disciplinary hearing,

2

and that Warden Wilkinson refuses to transfer him to another institution.

## Law and Analysis

Plaintiff's complaint and amended complaint present Due Process and Eighth Amendment issues. In <u>Hare v. City of Corinth</u>, 74 F.3d 633, 650 (5th Cir. 1996), the Fifth Circuit held that the State owes the same duty under both amendments to provide the inmate with basic human needs. The jail official's liability attaches if he has subjective knowledge of a *substantial risk of serious harm to the inmate*, and responds with deliberate indifference to that risk. That is, the official is liable if he knows that the inmates face a substantial risk of serious harm, but he disregards that risk by failing to take reasonable measures to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

Plaintiff complains that he was housed without clothing in the Cypress Unit for five days because of he "flipped out" and ripped a light out of the ceiling. Plaintiff does not allege that he faced a substantial risk of serious harm from the lack of clothing or from any other condition in the segregated housing unit. To the contrary, Plaintiff admittedly "flipped out" and was seeing and hearing things that were not there. Any risk of harm Plaintiff faced came from his own mental state. The Defendants took measures to abate it by placing him in the segregated cell and providing him almost immediately with psychiatric evaluation and medication.

3

Moreover, Plaintiff does not allege that he suffered any harm or injury as a result of the conditions of his confinement during the five days in question. The law does not entitle him to collect monetary damages for only emotional discomfort or damage arising from the conditions of his confinement without a prior showing of a physical injury. 42 U.S.C. § 1997e(e); See e.g., Herron v. Patrolman # 1, 111 Fed. Appx. 710, 2004 WL 2244220, at *2 (5th Cir. 2004); Harrison v. Smith, 83 Fed. Appx. 630, 2003 WL 22946387, at *1 (5th Cir. 2003); Criollo v. Wilson, 76 Fed. Appx. 576, 2003 WL 22295491 at *1 (5th Cir. 2003); Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995)(placement in strip cell without clothes, running water, mattress or blanket for two days not unconstitutional when there was no evidence that inmate suffered any injury or adverse health consequences or that jail officials knew of and disregarded an excessive risk to his health and safety); Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995) (placement in strip cell without clothes, running water, mattress, pillow, sheets or blanket for four days, when plaintiff sought no treatment for any resulting medical condition or injury, was not unconstitutional).

To the extent that Plaintiff alleges a denial of due process under the Fourteenth Amendment, his complaint should be dismissed. The Fourteenth Amendment to the Constitution provides that no State shall deprive any person of life, liberty, or property without due

process of law. An inmate has neither a protected property nor liberty interest in his custody classification. See <u>Moody v. Baker</u>, 857 F.2d 256, 257-58 (5th Cir. 1988), cert. den'd, 488 U.S. 985 (1988) (citing <u>Meachum v. Fano</u>, 427 U.S. 215 (1976)). Furthermore, a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 483 (1995) (citations omitted). In <u>Sandin v. Connor</u>, the Court held that a prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." <u>Id.</u> In light of Sandin, the Court of Appeals for the Fifth Circuit held that, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir.1995) (per curiam), cert. denied, 517 U.S. 1196 (1996); <u>Orelana v. Kyle</u>, 65 F.3d 29, 31-32 (5th Cir. 1995) (noting that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will hence-forth qualify for constitutional 'liberty' status"), cert. denied, 516 U.S. 1059 (1996)(internal citations and footnote

omitted).

While Plaintiff's clothes were taken from him, there is no allegation or indication that this condition was imposed for any reason other than Plaintiff's protection due to his mental condition. According to Plaintiff, his clothes were taken after he was evaluated by Dr. Wheat, the psychologist, and after "flipping out" and hearing/seeing things that were not there. Plaintiff does not allege any deprivations while in his "strip cell" (such as lack of food or water, unsanitary conditions, unreasonable temperatures, lack of toilet, lack of medical care, etc.). Moreover, Plaintiff was not confined to the cell for months or even weeks. He was only held for five days. Plaintiff's placement in segregation as stated in the complaint does not rise to the level of an atypical and significant hardship. See eg., Lewis v. Olds, Slip Copy, 2009 WL 186226 (N.D.Tex 2009); Rogers v. Paquet, No. 3:01-CV-0969, 2001 WL 1148256, at *3 (N.D.Tex. Sep.18, 2001) (holding that county jail inmate's claim that he was wrongfully placed in single cell suicide watch "has no viable legal basis".); Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1995) (affirming district court's dismissal as frivolous prisoner's claim that administrative segregation violated a cognizable liberty interest).

The Warden is not liable for failing to grant Plaintiff's request for a transfer because inmates have no constitutional right to be housed in a particular facility. Olim v. Wakinekona, 461

U.S. 238, 244-46 (1983).

Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the WCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. A review of the Louisiana Secretary of State's corporation database suggests that WCC is not a corporation and, as such, not a juridical person.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See **Douglas v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 17th day of July, 2009.

JAMES D. KIRK
**UNITED STATES MAGISTRATE JUDGE**